IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

REGINA BROWN, on behalf of
GREGORY L. BROWN,                        :

        Plaintiff,                       :

vs.                                      :
                                                    CIVIL ACTION 05-0661-CG-M
JO ANNE B. BARNHART,                     :
Commissioner of
Social Security,                         :

        Defendant.                       :


REPORT AND RECOMMENDATION


    In this action under 42 U.S.C. § 1383(c)(3), Plaintiff[1]

seeks judicial review of an adverse social security ruling which

denied a claim for Supplemental Security Income for children

(hereinafter *SSI*).  The action was referred for report and

recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Oral

argument was heard on July 31, 2006.  Upon consideration of the

administrative record, the memoranda of the parties, and oral

argument, it is recommended that the decision of the Commissioner

be affirmed, that this action be dismissed, and that judgment be

entered in favor of Defendant Jo Anne B. Barnhart and against

Plaintiff Regina Brown on behalf of Gregory L. Brown.

    This Court is not free to reweigh the evidence or substitute

its judgment for that of the Secretary of Health and Human Ser-

_____

    [1]Although this action was brought by his mother on his behalf,
the Court will refer to Gregory Brown as the Plaintiff.

vices, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born December 2, 1988. At the time of the most recent administrative hearing, Brown was sixteen years old and had completed a tenth-grade education (Tr. Doc. 11 Fact Sheet). In claiming benefits, Plaintiff alleges disability due to juvenile rheumatoid arthritis, Attention Deficit Hyperactivity Disorder (hereinafter *ADHD*), depression, and anxiety (*id.*).

The Plaintiff protectively filed an application for SSI on October 24, 2001 (Tr. 83-89). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Brown had severe impairments, he was not disabled (Tr. 15-34).[2] Plaintiff requested review of the hearing decision (Tr. 13) by the Appeals Council, but it was denied (Tr. 7-12).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Brown alleges

---

[2]The Court notes that this is the second opinion rendered by this ALJ as the Appeals Council, on first review, remanded the action back for further consideration (*see* Tr. 19-20). The Court has not included a discussion of those decisions as they are irrelevant here.

that the ALJ improperly gave evidentiary weight to the opinions of two consultative examiners because they did not comply with the requirements of the social security regulations (Doc. 11). Defendant has responded to—and denies—these claims (Doc. 14).

Plaintiff has stated that the two consultative examiners did not meet the requirements of social security regulation 20 C.F.R. § 416.919p in performing their evaluations.  The pertinent part of that regulation states as follows:

> (a) We will review the report of the consultative examination to determine whether the specific information requested has been furnished.  We will consider the following factors in reviewing the report:
>      (1) Whether the report provides evidence which serves as an adequate basis for decisionmaking in terms of the impairment it assesses;
>      (2) Whether the report is internally consistent; Whether all the diseases, impairments and complaints described in the history are adequately assessed and reported in the clinical findings; Whether the conclusions correlate the findings from your medical history, clinical examination and laboratory tests and explain all abnormalities;
>      (3) Whether the report is consistent with the other information available to us within the specialty of the examination requested; Whether the report fails to mention an important or relevant complaint within that specialty that is noted in other evidence in the file (*e.g.*, your blindness in one eye, amputations, pain, alcoholism, depression)[.]

20 C.F.R. § 416.919p (2005).  Brown has specifically referenced

the examinations of Davis and Hunte.

Dr. Eyston A. Hunte, a family practitioner, performed an orthopedic exam of Brown on October 18, 2004 (Tr. 303-08).[3]  The Court will not set out herein the results of that examination as Plaintiff's objection is not to the report itself, but that Dr. Hunte did not have access to certain medical information which came into being within three months after he saw Brown (Doc. 11, pp. 8-9; *cf*. Tr. 338-51).  The newer evidence was that Plaintiff had spinal spondyloarthropathy which was to be treated with medication.

The ALJ noted the diagnosis and noted that there had been "no corresponding elevations in [Brown's] sedimentation rate; and his rheumatoid factor and ANA blood test results have remained consistently negative" (Tr. 30).  The ALJ further noted that Dr. Lawrence, Plaintiff's treating physician, found only moderate tenderness in the sacroiliac joints with full range of motion.

The Court notes that Dr. Lawrence did not indicate that Brown was disabled because of the spondyloarthropathy; furthermore, he did not state what limitations, if any, would be associated with this impairment.  Dr. Hunte's evaluation is, basically, uncontradicted as of the time it was given;

---

[3]While the content of the examination record clearly demonstrates that an orthopedic examination was conducted, there is no evidence in the record to indicate that Dr. Hunte had any special expertise in this area of medicine; his report, in two places, states that he has a family practice (Tr. 303-08).

furthermore, the new evidence does not cast doubt on Hunte's findings.  As the new evidence was considered and discussed, the Court finds that the ALJ's reliance on Dr. Hunte's opinion—although it preceded the evidence—provides no basis for error.

Plaintiff has also questioned the ALJ's reliance on the evaluation performed by Psychologist John W. Davis on November 2, 2004 (Doc. 11, pp. 7-8; *cf.* Tr. 309-19).  The reason asserted for Brown's claim is that the Psychologist's most recent report fails to discuss ADHD and Oppositional Defiant Disorder although other medical sources had made these diagnoses as did Davis himself in a prior examination of February 28, 2002 (*cf.* Tr. 218-20).

Other medical evidence of record demonstrates that Brown was diagnosed to have ADHD on July 3, 2001 by Dr. Michael Gomez with Alabama Psychiatric Services; the doctor also noted major depression and a Global Assessment Functioning (hereinafter *GAF*) score of 50 (Tr. 205).  Dr. Gomez treated Plaintiff with Prozac and Zyprexa.[4]  A note from Mobile Mental Health, dated July 18, 2001, provided a diagnosis of Oppositional Defiant Disorder (Tr. 160); the Court notes, though, that later records from Mobile Mental Health did not make this diagnosis (*see* Tr. 290-302, 325-26, 334-35) though there is one note about Brown's having

---

[4]*Prozac* is used for the treatment of depression.  *Physician's Desk Reference* 859-60 (52nd ed. 1998).  *Zyprexa* is used for the "management of the manifestations of psychotic disorders." *Physician's Desk Reference* 1512 (52nd ed. 1998).

continuing severe anger management problems (Tr. 337).[5]  On October 22, 2001, Dr. Stephen Andrews noted that Brown had depression and ADHD for which he was being treated with Prozac and Adderall (Tr. 213).[6]  A progress note dated May 14, 2004 from Dr. V. Dillon at Mobile Mental Health indicated a diagnosis of ADHD, combined type, and Dysthymic Disorder NOS for which Brown was taking Prozac and Adderall (Tr. 295).

In the recent examination by Psychologist Davis, he noted that Brown was taking bother Adderall and Prozac (Tr. 309); he also stated that he had reviewed and considered the medical evidence provided by the Social Security Administration (Tr. 312).  Although Brown's mother reported her son's suffering from ADHD, Davis reported that it was not evident at that time.  The Court also notes that on February 14, 2005, Dr. Dillon completed an ADHD questionnaire in which he stated that Plaintiff did not suffer marked limitations in any area as his problems had been corrected with medications; he also indicated a GAF of 85[7] (Tr.

---

[5]The Court also notes that Plaintiff did not list Oppositional Defiant Disorder as one of his impairments on the Fact Sheet provided to this Court (*see* Doc. 11).

[6]*Adderall* is an amphetamine used for the treatment of Attention Deficit Disorder with Hyperactivity.  *Physician's Desk Reference* 2395-96 (52nd ed. 1998).

[7]"A GAF of 85 indicates absent or minimal symptoms (*e.g.*, mild anxiety before an exam), good functioning in all areas, interested an involved in a wide range of activities, socially effective, generally satisfied with life, no more than everyday problems or concerns (*e.g.*, an occasional argument with family members). [Diagnostic and Statistical Manual of Mental Disorders-IV], 32 [4th ed]."  Doc. 14, p. 7 n.4).

140).

The Court finds no error in the ALJ's reliance on Davis's most recent evaluation.  The February 2005 questionnaire completed by Dr. Dillon indicates that the medications that Brown takes were working; Davis's examination verifies that report. Plaintiff's claim otherwise is without merit.

Plaintiff has raised a single claim in this action; that claim is without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401.  Therefore, it is recommended that the Secretary's decision be affirmed, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), that this action be dismissed, and that judgment be entered in favor of Defendant Jo Anne B. Barnhart and against Plaintiff Regina Brown on behalf of Gregory L. Brown.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a

7

magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 2nd day of August, 2006.


                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE